

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES FRANKLIN GLASSCOCK,

Petitioner-Appellant,

v.

JERI TAYLOR,

Respondent-Appellee.

No.   17-35390

D.C. No. 2:14-cv-00016-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 11, 2018[**]
Portland, Oregon

Before:  FISHER, CLIFTON and CALLAHAN, Circuit Judges.

Charles Glasscock appeals the judgment of the district court dismissing his

28 U.S.C. § 2254 federal habeas petition.  We have jurisdiction under 28 U.S.C. §

1291, we review de novo, *see Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir.

2001), and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** The district court properly rejected Glasscock's claim that trial counsel rendered ineffective assistance of counsel by failing to present expert testimony to rebut the state's medical evidence. The state court reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in concluding that trial counsel performed adequately by failing to call a psychological expert to testify about the reasons children may misreport child abuse. Because the jury had adequate information to assess the victim's credibility without this additional testimony, counsel's decision fell "within the wide range of reasonable professional assistance." *Id.* at 689.

In light of the doubly deferential standard of review, moreover, we cannot say the state court unreasonably applied *Strickland* by concluding counsel performed adequately by failing to call a psychological expert to opine regarding the effects of confirmatory bias on medical examinations. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (holding both AEDPA and *Strickland*'s deferential standards apply when a federal court reviews a state court's *Strickland* determination under AEDPA).

The state court also reasonably concluded trial counsel permissibly elected not to call a medical expert to rebut the state's evidence that the victim had injuries consistent with sexual abuse. Glasscock has not shown how such testimony would

have supported the defense or offered alternative explanations for the victim's injuries. *See Gallegos v. Ryan*, 820 F.3d 1013, 1035 (9th Cir. 2016) (sustaining the state court's determination that trial counsel was not ineffective where the petitioner did not adduce any expert testimony in state post-conviction proceedings to undermine the state's medical expert).

2.    The district court properly rejected Glasscock's claim that trial counsel rendered ineffective assistance of counsel by failing to seek curative action in response to alleged prosecutorial misconduct during closing argument.

Even if the prosecutor's remarks urging the jury to "protect" the victim were improper, the failure to object to them was within the range of professional conduct. *See Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013) ("Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct.").

The prosecution, moreover, did not improperly vouch for the victim's credibility. The prosecutor simply asked the jury to infer from the evidence that the prosecution's witnesses were credible. *See United States v. Molina*, 934 F.2d 1440, 1444 (9th Cir. 1991) ("[T]he prosecution must have reasonable latitude to

3

fashion closing arguments. Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence."). Given the context, the prosecutor's remarks were comments on the evidence rather than assertions of personal belief. *See United States v. Garcia-Guizar*, 160 F.3d 511, 521 (9th Cir. 1998).

As to the prosecution's remarks about what children typically know and disclose about sexual abuse, prosecutors may properly refer to matters not in the record if they are "within the common knowledge of all reasonable people." *United States v. Candelaria*, 704 F.2d 1129, 1132 (9th Cir. 1983) (holding the prosecutor's remarks that the defendant would likely not have been joking about a bomb threat "in this day [and] age," were about matters within common knowledge and thus not improper). Moreover, although trial counsel did not object to the remarks during the prosecution's presentation, he addressed them during his own closing. *See Demirdjian v. Gipson*, 832 F.3d 1060, 1072 (9th Cir. 2016) (holding the state court reasonably could have presumed that trial counsel "made a strategic decision to address the prosecution's comments directly [in his rebuttal] instead of objecting"). Accordingly, we cannot conclude trial counsel performed deficiently under *Strickland*. At minimum, we cannot say the state court unreasonably applied *Strickland* in concluding counsel performed adequately.

**3.** Because there was no error, the district court properly rejected Glasscock's claim of cumulative error.

**AFFIRMED.**